IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTINA S.[1],                                          Case No. 6:21-cv-01393-HL

      Plaintiff,                                     **OPINION AND ORDER**

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

_____

HALLMAN, United States Magistrate Judge:

      Plaintiff Christina S. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Act. 42 U.S.C. § 401 *et seq*. For the following reasons, this case is reversed and remanded for the payment of benefits.

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

PAGE 1 – OPINION AND ORDER

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

**I.   Plaintiff's Application**

Plaintiff protectively filed an application for DIB on May 30, 2013, and later filed for SSI on October 2, 2013, alleging a disability onset date of February 4, 2013. Tr. 179, 183. Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 83-125, 137-19. Plaintiff testified at a hearing before

PAGE 2 – OPINION AND ORDER

ALJ John Michaelsen, and subsequently amended her alleged disability onset date to November 24, 2012. Tr. 19. On August 17, 2015, ALJ Michaelsen issued a decision denying Plaintiff's claim. Tr. 16-34. Plaintiff appealed the Commissioner's final decision to this Court. Tr. 602-05. Plaintiff also filed new applications for SSI and DIB on March 13, 2017. Tr. 675-78, 788-800.

In a decision dated April 26, 2018, the District Court reversed ALJ Michaelsen's decision and remanded the matter for further proceedings. Tr. 668-74. On remand, the Appeals Council ordered the ALJ to consolidate Plaintiff's 2013 claims with her new disability claims filed on March 13, 2017. Tr. 675-78, 788-800. ALJ B. Hobbs held an administrative hearing on Plaintiff's consolidated claims on February 7, 2019, and issued a decision dated March 21, 2019, finding Plaintiff was disabled from her alleged disability onset date of November 24, 2012, through January 31, 2017. Tr. 521-37. ALJ Hobbs also determined that Plaintiff was not disabled beginning on February 1, 2017. *Id.* The Appeals Council denied Plaintiff's request for review on May 21, 2019, making the ALJ's decision the Commissioner's final decision. Tr. 518. Plaintiff again appealed to this Court, contesting the finding that she was not disabled beginning February 1, 2017.

The District Court again remanded Plaintiff's case, and pursuant to the Court's decision, the Appeals Council issued a remand. ALJ Mark Triplett conducted an administrative hearing by telephone with Plaintiff, Plaintiff's attorney, and a vocational expert (VE) on February 10, 2021. Tr. 1319-69. ALJ Triplett then issued an opinion denying Plaintiff's claims on June 3, 2021, again finding that Plaintiff was not disabled as of February 1, 2017. Tr. 1292-1318. Plaintiff sought review of the Commissioner's decision before this Court.[2]

---

[2] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 13).

PAGE 3 – OPINION AND ORDER

## II. Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any

PAGE 4 – OPINION AND ORDER

limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### III.  The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date through February 1, 2017. Tr. 1298.

At step two, the ALJ determined that Plaintiff has the severe impairments of inflammatory arthritis, obesity, PTSD, anxiety, and depressive disorder. Tr. 1298.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 1298. The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations:

> [Plaintiff] can frequently climb ramps and stairs, but never climb ladders, ropes or scaffolds. She can frequently stoop, kneel, crouch, and crawl. She can perform simple, routine tasks (R2), and can tolerate occasional contact with supervisors and the general public. She can tolerate frequent, but not constant contact with coworkers. She cannot perform tasks that are strictly time sensitive, such as assembly line work or work that requires meeting times production quotas.

Tr. 1301.

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a security guard or as a dryer/feeder. Tr. 1305.

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that a significant number of jobs existed in the national economy that Plaintiff could perform, including as an electronics worker; a laundry sorter; and a routing clerk. Tr. 1306. The ALJ therefore concluded that Plaintiff was not disabled from February 1, 2017, through the decision date. Tr. 1307.

## DISCUSSION

In this appeal, Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinions of Kris Hallenburg, Ph.D., and Cecilia Escobedo, LMFT, QMHP; (2) improperly finding the Plaintiff experienced medical improvement as of February 1, 2017; (3) omitting Plaintiff's service dog requirement from the RFC; (4) omitting Plaintiff's limitation to 1-2 step tasks from the RFC; and (5) at step five, relying upon jobs not identified by the vocational expert in concluding that Plaintiff was not disabled.

The Commissioner concedes that the ALJ erred and that remand is appropriate. Thus, the only question is whether the case should be remanded for further proceedings or for an award of benefits. But this analysis cannot be completed before first determining, with specificity, the areas where the ALJ's decision was not supported by substantial evidence. *See Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014) (explaining that in remanding for an award of benefits, a reviewing court must conclude that "the ALJ failed to provide legally sufficient reasons for rejecting evidence."). Here, the Commissioner asserts that the ALJ erred by omitting a requirement that Plaintiff be furnished a service dog from the RFC but does not directly contest any of the four additional, specific errors that Plaintiff identifies. (Def. Brief, ECF 16). The

PAGE 6 – OPINION AND ORDER

Commissioner instead urges this Court that a remand for further proceedings is "the only appropriate remedy." (ECF 16 at 4).

This Court is not required to independently review and assess Plaintiff's arguments where the Commissioner has not done so on review. *See Johnny T. v. Berryhill*, No. 6:18-CV-00829-AA, 2019 WL 2866841, at *2-3 (D. Or. July 2, 2019) ("[T]he Commissioner's failure to substantively respond to [the p]laintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues...."); *Krista B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-CV-01822-HL, 2021 WL 5235969, at *3–4 (D. Or. Nov. 10, 2021). Nevertheless, as is explained below, the Court has reviewed Plaintiff's specific arguments and concludes that the ALJ erred in rejecting the opinion of examining psychologist Kris Hallenburg, Ph.D.[3] Because Dr. Hallenburg's erroneously rejected opinion articulates limitations that would preclude Plaintiff from performing substantial gainful activity, no further administrative proceedings are required. Accordingly, the Commissioner's decision denying Plaintiff's claim is reversed and remanded for the payment of benefits.

## I. Medical Opinion Evidence

Plaintiff argues that the ALJ improperly evaluated the medical opinion of Kris Hallenburg, Ph.D.[4] "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "Where a

---

[3] It is unnecessary to consider Plaintiff's remaining arguments given the Court's resolution of this Plaintiff's claims concerning Dr. Hallenburg.

[4] The new regulations that govern how ALJs must evaluate medical opinion evidence do not apply here because Plaintiff filed her applications before March 27, 2017. *See generally Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021) (addressing the new regulations that apply to Social Security applications filed on or after March 27, 2017).

treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id*. (quoting *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002)). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence [in the record].'" *Ghanim*, 763 F.3d at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (quoting *Reddick*, 157 F.3d at 725). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citation omitted).

Dr. Hallenburg performed a consultative examination of Plaintiff on March 2, 2021. Tr. 1324-25, 1800-12. Dr. Hallenburg reviewed Plaintiff's prior medical records, interviewed Plaintiff, and performed a mental status examination. Tr. 1806-11. Dr. Hallenburg diagnosed chronic, severe PTSD; recurrent, major depression; panic disorder; and unspecified personality disorder. Tr. 1811. Dr. Hallenburg concluded that Plaintiff would have marked limitations in her ability to interact appropriately with supervisors and extreme limitation in her ability to interact appropriately with the public and in her ability to interact with co-workers. Tr. 1806-11. Dr.

Hallenburg also opined that Plaintiff's mental health limitations would make regular attendance at work "unlikely," and that Plaintiff would not be able to manage her frequent panic attacks within a work setting. Tr. 1802-04.

The ALJ found Dr. Hallenburg's opinion unpersuasive. Tr. 1305. Because Dr. Hallenburg's opinion was contradicted by the opinions of non-examining consultative psychologists Dr. Boyd and Dr. Kessler, who assessed more mild mental limitations, the ALJ was required to provide specific, legitimate reasons for rejecting Dr. Hallenburg's more severe limitations. *Ghanim*, 763 F.3d at 1161. The ALJ first found the Dr. Hallenburg's opinion was unsupported by evidence of Plaintiff's self-reported social activities. Tr. 1305. The ALJ also observed that Dr. Hallenburg "failed to reconcile how [Plaintiff] can have marked and even extreme limitations with interaction, yet engage in multiple social activities." Tr. 1305.

In the Ninth Circuit, an ALJ may discount part of a medical opinion when it is inconsistent with the overall record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, Plaintiff reported that she engaged in volunteer work including gathering and distributing food and clothing, which involved using social media, collecting and distributing items, picking up lunches from a school, and occasional shopping. Yet Plaintiff was able to perform these activities with minimal social interaction, at her own pace, and according to Plaintiff's own schedule. Tr. 1342-43, 1349-53. The ALJ also noted that Plaintiff was able to organize two parties, one of which Plaintiff did not attend, and to host small gatherings of children at her apartment. Tr. 1300, 1355. This evidence is consistent with Dr. Hallenburg's finding that Plaintiff was capable of performing complex tasks but that she would have marked to extreme limitations in her ability to interact with the general public in a work setting. Thus, there was no need for Dr. Hallenburg to reconcile these activities with Plaintiff's marked and extreme social

limitations, because they constitute self-paced, limited activities that do not suggest an enduring capability to engage in sustained, adult interactions of the kind that would be expected in a work environment. Plaintiff's limited social activities therefore do not provide a specific, legitimate reason for the ALJ's rejection of Dr. Hallenburg's opinion.

As a second reason for rejecting Dr. Hallenburg's opinion, the ALJ noted that Plaintiff's mild limitation in carrying out complex instructions was not consistent with Dr. Hallenburg's own examination findings. Tr. 1305. Yet the ALJ failed to identify which findings he found inconsistent with Dr. Hallenburg's conclusions. *Id.* Further, a mild limitation on independent cognitive processing required to complete complex tasks is not inconsistent with Dr. Hallenburg's assessment of severe social limitations. Without more, this reason for rejecting Dr. Hallenburg's opinion is not sufficiently specific to satisfy the legal standard. See *Ghanim*, 763 F.3d at 1161. In sum, the ALJ's proffered reasons for rejecting Dr. Hallenburg's opinion were not supported by substantial evidence. Because the Court finds that the ALJ's rejection of Dr. Hallenburg's opinion harmful error, the Court need not consider Plaintiff's additional arguments.

## II.     Remand

Because this Court finds that the ALJ committed harmful error in his evaluation of the medical evidence, remand is appropriate. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1020 (citations omitted).

PAGE 10 – OPINION AND ORDER

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

This case meets the credit-as-true standard. As explained above, the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting the medical opinion of Dr. Hallenburg. See *Pulliam v. Berryhill*, 728 F. App'x 694, 697 (9th Cir. 2018) (citing *Garrison*, 759 F.3d at 1020). As noted above, Dr. Hallenburg concluded that Plaintiff's mental health limitations would make regular attendance at work "unlikely," and that Plaintiff would not be able to manage her frequent panic attacks within a work setting. Tr. 1802-04. Given the substantial functional limitations in the improperly discredited opinion evidence, if this evidence were credited as true, the ALJ would be required to find Plaintiff disabled.

The Commissioner argues that further proceedings are nevertheless warranted because the record has not been fully developed. (ECF 16). Specifically, the Commissioner argues that the ALJ failed to contact a prior psychological examiner, David Truhn, Psy.D., to clarify Plaintiff's limitations as previously ordered by the District Court. (ECF 16 at 4). Consultative examiner Dr. Truhn performed a psychological evaluation in May 2014, several years prior to Dr. Hallenburg. Tr. 428-41. At the administrative hearing held in 2021, Plaintiff's counsel and

ALJ Triplett agreed that contacting Dr. Truhn would serve little purpose because Dr. Truhn's examination took place during Plaintiff's established period of disability. Instead, the ALJ ordered a new consultative examination with Dr. Hallenburg. Because Dr. Hallenburg's opinion is probative as to Plaintiff's condition during the relevant period and Dr. Truhn's is not, a remand for the purpose of recontacting Dr. Truhn to clarify his May 2014 opinion would serve no useful function.

The Commissioner also argues that further proceedings are necessary because the ALJ failed to articulate his rationale for excluding a service dog requirement from Plaintiff's RFC. Here, however, because Dr. Hallenburg's assessment of Plaintiff's limitations precludes the ability to perform substantial work with or without the assistance of a service animal, a remand for the purposes of reformulating Plaintiff's RFC to include a service animal would serve no useful purpose. In sum, the record is fully developed and a remand for further proceedings would therefore serve no useful purpose. For these reasons, and because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court REVERSES AND REMANDS for an immediate payment of benefits.

IT IS SO ORDERED.

DATED this 22 day of August 2022.

ANDREW HALLMAN
United States Magistrate Judge

PAGE 12 – OPINION AND ORDER